

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. MORAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8169 | **DATE** | 9-13-00 |
| **CASE TITLE** | | Palay v. Gilkey | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendant's motion to dismiss [15-1] is granted in part. All claims relating to medical care are dismissed without prejudice. Plaintiff is directed to respond to issues raised by the court in the memorandum opinion within thirty days. Defendant's reply, if any, due fifteen days thereafter. The court will rule by mail. Plaintiff's motion for issuance of summons [16-1] is granted. The clerk shall issue summons for substituted defendant United States of America and the U.S. Marshal is directed to transmit copies of the summons and complaint by certified mail to the U.S. Attorney for the Northern District of Illinois and the Attorney General of the United States. Time for service is extended to November 1, 2000. Plaintiff's motion for leave to file supplemental answer [19-1] is denied as moot.

(11) ■ See order attached to the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 15 2000 | |
| X | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | 23 |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 SEP 13 PM 3: 18 | | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIMEON PALAY, )
)
Plaintiff, )
)
v. ) No. 99 C 8169
)
UNITED STATES OF AMERICA, ) Judge Moran
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Simeon Palay, a federal prisoner, brought this pro se complaint under the Federal Tort Claims Act (FTCA) against administrators and medical staff employed at the Metropolitan Correctional Center (MCC) in Chicago. Palay, who was injured as a consequence of a gang fight at the MCC, alleges that his injury was caused by the negligence of MCC staff and that he did not receive proper medical treatment. By order dated January 6, 2000, Palay was granted leave to proceed in forma pauperis and was directed to submit a copy of the final disposition of his administrative claim, a prerequisite to suit under the FTCA. Palay did so, the court ordered summons to issue on February 9, 2000, and five of the six defendants were served in March of 2000.

Palay was not apprised that the proper defendant in FTCA cases is the United States of America, not the individual federal employees alleged to have caused the injury. On April 3, 2000, the United States filed a Notice of Substitution of Parties, certifying that the defendants were acting within the scope of their employment and substituting the United States as defendant.

The United States has filed a motion to dismiss, asserting that the complaint should be dismissed in part for lack of jurisdiction under Rule 12(b)(1) because Palay failed to submit certain claims to the Bureau of Prisons, dismissed in part under Rule 12(b)(6) for failure to state a claim

upon which relief may be granted, or, alternatively, dismissed in its entirety under Rule 12(b)(5) for failure to serve the United States.

## FAILURE TO EXHAUST ADMINISTRATIVE PROCEDURES

The FTCA allows a person injured by a federal employee acting in the scope of his or her employment to sue the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). As a jurisdictional prerequisite of suit, the plaintiff is required to submit his or her claim to the appropriate federal agency for review. 28 U.S.C. § 2675(a). Initial review by the agency is intended to encourage administrative consideration and settlement of claims and reduce unnecessary litigation. *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1991).

Palay filed an administrative claim with the United States Bureau of Prisons, Def. Mo. Att. A, setting forth the following narrative.[1] On June 19, 1998, Palay was asleep in his bunk at the MCC at approximately 8-9 p.m. Members of two rival gangs started fighting near his bunk. Someone threw a fire extinguisher and it hit Palay's bunk, causing the fire extinguisher to discharge its contents into Palay's face. Palay suddenly awakened and jumped up, ramming his head into the upper bunk directly above him and knocking himself unconscious. When he recovered consciousness, he had a severe asthmatic attack due to irritation by the extinguisher's chemicals. Subsequently Palay has experienced seizures, presumably as a result of brain injury caused by the accident, and he fears that upon his release from prison he will not be able to return to his previous occupation as a fork-lift operator.

---

[1] In ruling on a motion to dismiss, the court may take judicial notice of matters of public record not included in the complaint without converting it into a motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

2

Palay's complaint sets forth three "causes of action." First, he alleges that the defendants negligently reassigned him from a "pretrial" unit to a "holdover" unit, which contained known members of rival gangs, unnecessarily exposing him to a risk of harm. He alleges this violated the duty of care owed to him under 18 U.S.C. § 4042(a), which provides that the Bureau of Prisons, under the direction of the Attorney General, shall--

> **(1)** have charge of the management and regulation of all Federal penal and correctional institutions;
>
> **(2)** provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
>
> **(3)** provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States ....

For his second "cause of action," Palay alleges that he was denied "timely and effective medical care," also in violation of the duty of care established by § 4042. Palay states for his "third cause of action" that MCC staff "violated the laws of negligence and gross negligence of the State of Illinois" in failing to prevent injury to him and failing to provide him with proper medical care. Cmplt. 7-9.

The United States points out that negligent reassignment was not mentioned in Palay's administrative claim, nor even that Palay was a pre-trial detainee. The United States asserts that Palay has not exhausted this claim. Nevertheless, a plaintiff is not required to plead legal theories in the administrative claim, or set forth facts that were at least as well known to MCC officials as to Palay. All that is required is "sufficient notice to enable the agency to investigate the claim." *Charlton v. United States*, 743 F.2d 557, 560 (7th Cir. 1984). *See Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999)("An administrative agency is deemed to be on notice not only of the theories of recovery stated in the claim, but of the theories of recovery that its reasonable investigation of the specific allegations of the claim should reveal"). The claim is

3

reasonably read as an assertion that the defendants were negligent in protecting Palay from the danger of fighting inmates.

The United States has a better argument with respect to Palay's claim that the defendants "fail[ed] to provide necessary and effective medical attention following plaintiff's injury and complications that were proximately caused by the negligent acts of the defendants." Cmplt. ¶32. The administrative claim cannot be fairly read as alleging medical malpractice or deficient medical care. The purpose of requiring an administrative claim is to permit the agency to conduct its own investigation of the incident resulting in the claim. Palay asserts that his attorney's request for his medical records indicated that he might pursue a medical-care claim, but medical records would also have been relevant to the extent of his injury, and would not have alerted the Bureau of Prisons to the possibility of a medical-care claim. The court agrees that the United States did not have proper notice of any claim relating to medical care and so any such claim is premature. *Deloria*, 927 F.2d at 1011-12. All claims relating to medical care are accordingly dismissed without prejudice.

## FAILURE TO STATE A CLAIM

### A. The Requirement Of Notice Of Risk

The United States asserts that no relief may be granted on Palay's central claim, that its officers were negligent in protecting him. The complaint alleges that Palay was negligently reassigned to "holdover" status and unnecessarily exposed to harm, and that defendants negligently failed to protect him from injury. Under federal "notice pleading" this is enough to state a claim. Conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995).

The United States contends that it cannot be liable for an inmates' injuries resulting from a an assault by another inmate unless the inmate informed prison officials that he was at risk or there

4

were "extraordinary incidents at the prison near the time of the assault." Def. Br. at 7. The United States cites *Artis v. Petrovsky*, 638 F.Supp. 51, 53 (W.D. Mo. 1986), and *Jones v. United States*, 534 F.2d 53, 54 (5th Cir. 1976), *cert. denied*, 429 U.S. 978 (1976), upon which *Artis* relied. These cases are not dispositive here, and not only because they are not binding precedent. The opinion in *Artis* explained a grant of summary judgment, while *Jones* affirmed a finding of no liability after trial. As such they do not establish what a plaintiff must plead in a complaint.

In any event, the court does not believe that liability depends upon whether members of the institutional staff received actual, particularized notice of danger to the plaintiff. Assuming that the FTCA renders the United States liable for negligently failing to protect a prisoner, negligence includes failure to respond to a risk of which a reasonable person would have known, whether or not he or she was actually apprised of it. Palay is not alleging a constitutional tort, requiring him to show deliberate indifference and hence actual knowledge of a danger to him. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994)(deliberate indifference" requires actual knowledge); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994)(comparing constitutional and negligence standards).

Nevertheless, the motion to dismiss for failure to state a claim will not be denied at this time, because the court has identified two potentially fatal flaws in Palay's case. The court's power to raise these issues on its own motion is confirmed by 28 U.S.C. § 1915(e)(2)(B), requiring the court to dismiss a suit at any time if it determines that it fails to state a claim upon which relief may be granted. Because the United States did not raise these issues, the court will not dismiss this action until Palay has had an opportunity to respond.

### B. The Discretionary Function Exemption

First, it appears that Palay's FTCA claim is barred by the discretionary function exemption. Because the FTCA functions as a waiver of the sovereign immunity of the United States, it is

5

subject to those exceptions Congress has designated. The "discretionary function exception" is set forth at 28 U.S.C. § 2680(a):

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

This exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). In *United States v. Gaubert*, 499 U.S. 315 (1991), the Supreme Court explained that even low-level operational personnel may be subject to the discretionary-function exemption if, first, the conduct involves "an element of judgment or choice," that is, no "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," *id.* at 322, and, second, that judgment is grounded in considerations of public policy. *Id.* at 323. This does not mean that the person exercising the discretion is involved in making policy, or is even aware of policy concerns:

> When established governmental policy ... allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*Id.* at 324-25.

In *Calderon v. United States*, 123 F.3d 947 (7th Cir. 1997), the Seventh Circuit found protection of prisoners to be within the discretionary function exemption. The plaintiff sued under the FTCA, alleging that prison staff had negligently permitted him to be assaulted by another

inmate after he had told officers that the inmate had threatened him. The Seventh Circuit affirmed the district court's dismissal of the complaint, holding that the discretionary function exemption barred his claim. The Seventh Circuit acknowledged that the duty to protect prisoners under 18 U.S.C. § 4042 is non-discretionary. Nevertheless, because "the statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates," *id.* at 950, inmate protection is a discretionary function.

Turning to the second part of the test, the Seventh Circuit, citing *Gaubert*, stated that discretionary actions by governmental employees are presumed to be grounded in public policy, and that included decisions made about prisoner protection:

> Calderon unconvincingly asserts that "policy judgment is not involved in day to day, hour to hour, minute to minute actions of correctional officers in patrolling the cell blocks of a prison such as FCI Oxford."
>
> We disagree with Calderon's contention. It is clear that balancing the need to provide inmate security with the rights of the inmates to circulate and socialize within the prison involves considerations based upon public policy.

*Calderon*, 123 F.3d at 951.

The discretionary function exemption, as interpreted by *Calderon*, appears to foreclose Palay's claim to the extent it is based on a breach of the duty to protect found in § 4042. *See also Cohen v. United States*, 151 F.3d 1338, 1441-42 (11th Cir. 1998) (claim that plaintiff's attacker had been negligently assigned to minimum security prison barred by discretionary function exemption).

Palay points out that Bureau of Prisons regulations require the separation of pretrial detainees from convicted inmates "to the extent practicable." 28 C.F.R. §§ 551.100, 551.104; *cf.* 18 U.S.C. § 3142(i)(2)(pretrial detention order shall direct detainee be kept "separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal"). The court questions whether Palay may base his claim on a breach of this duty. First, it is not clear that these regulations take his claim out of the discretionary function exception. "To the

7

extent practicable" is generally understood to imply some degree of discretion. For example, 18 U.S.C. § 3624(c) provides that the Bureau of Prisons "shall, to the extent practicable, assure that a prisoner ... spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." One court stated that this language "offers the Bureau [of Prisons] a measure of discretion and flexibility such that it may deny less restrictive confinement ... as it sees fit." *United States v. Simalavong*, 924 F.Supp. 610, 612 (D.Vt. 1995). In *Flisk v. United States Bureau of Prisons*, 1992 WL 80523 (N.D. Ill. 1992), Judge Plunkett of this court stated that this language is discretionary rather than mandatory, and creates no enforceable liberty interest. Accordingly, it is likely that an alleged violation of the regulation requiring that Palay be kept separate from convicted persons would still fall within the discretionary function exemption.

Further, assuming that this objection is met, the court questions whether breach of a regulation requiring separation of pretrial detainees can support Palay's claim as a matter of Illinois tort law. Under the FTCA, the United States can be liable only if the individual federal agents involved could be liable under the law of Illinois. It is a general principle of tort law, recognized in Illinois, that violation of a statutory duty gives rise to a cause of action in tort only if the statute is intended for the protection of persons or property *and* the harm suffered was of the kind the statute was intended to prevent. *See Cravens v. Inman*, 223 Ill.App.3d 1059, 1077, 586 N.E.2d 367, 379 (1st Dist. 1991); *Quinn v. Sigma Rho Chapter of Theta Phi Fraternity*, 155 Ill.App.3d 231, 238, 507 N.E.2d 1193, 1198 (4th Dist. 1987), *appeal denied*, 116 Ill.2d 575, 515 N.E.2d 125 (1987); *Ozment v. Lance*, 107 Ill.App.3d 348, 354, 437 N.E.2d 930, 936 (5th Dist. 1982).

It is unclear that the purpose of holding pretrial detainees separate from convicted prisoners is to ensure detainees' physical safety. Obviously, virtually every person convicted of a violent crime has been held as a pretrial detainee; no one assumes that pretrial detainees are a non-violent

population. The Bureau of Prisons has the same obligation to protect both pretrial detainees and convicted persons. The reason for separation is just as likely to be to insure, as much as practicable, that restrictions that might be considered punitive not fall on pretrial detainees who, unlike convicted persons, may not be punished. *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979). There also may have been a concern that pretrial detainees be spared, to the extent practicable, the culture and atmosphere of a prison. If the purpose of the regulation requiring pretrial detainees to be kept separate from convicted persons was not to protect pretrial detainees from assault, Palay would have no claim arising out of the failure of MCC staff to follow the regulation.

### C. Proximate Cause

The second problem with finding a cause of action for negligence is the complaint is the bizarre manner in which Palay's injuries were caused. A negligence claim under Illinois law requires the plaintiff to prove that the defendant owed a duty to the plaintiff, that defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. *First Springfield Bank & Trust v. Galman*, 188 Ill.2d 252, 256, 720 N.E.2d 1068, 1071 (1999). "Proximate cause" is a legal term representing the common-sense notion that some closer causal connection should be required for liability than some act or omission without which the injury would not have occurred. The Illinois Supreme Court has explained that whether the defendant's act is the proximate cause of the plaintiff's injury depends upon whether "the defendant's negligence [was] a material and substantial element in bringing about the injury, and, if so, was the injury of a type that a reasonable person would see as a likely result of his or her conduct?" *Id.*, 188 Ill. 2d at 258-59, 720 N.E.2d at 1072. Applying this definition of proximate cause, the Illinois Appellate Court recently ruled that the negligence of a television broadcaster in bringing a remote transmitting antenna into contact with a power line did not proximately cause the injury

of a factory worker who hurt her hand in the ensuing blackout. *Fitzgibbon v. National Broadcasting Company*, 314 Ill.App.3d 52, 732 N.E.2d 64 (1st Dist. 2000).

Proximate cause is normally a question for the trier of fact, *First Springfield Bank*, 188 Ill. 2d at 257, 720 N.E.2d at 1071, but if no reasonable jury could find the injury foreseeable the court may rule for the defendant as a matter of law. Palay was injured because a thrown fire extinguisher discharged into his face, causing him to jump up and ram his head into the bunk above him. Would a reasonable person see this as a likely result of putting Palay in the unit with convicted offenders, or even a likely result of negligently failing to prevent a fight? Palay should explain why the facts pleaded in his complaint do not preclude a finding that negligence of MCC staff was the proximate cause of his injury as a matter of law.

## SERVICE ON THE UNITED STATES

The United States points out that service upon it has not been effected in the manner required by Rule 4(i), Fed.R.Civ.P., by delivering copies of the summons and complaint to the United States Attorney and the Attorney General of the United States. Because more than 120 days has elapsed since the court granted Palay leave to proceed in forma pauperis, resulting in the formal "filing" of the complaint, the United States has invoked Rule 4(m), which provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

On June 5, 2000, Palay filed a motion asking the court to issue summons and serve the United States, and, if necessary, for leave to amend his complaint to name the United States as defendant. The United States points out that even the motion comes more than 120 days after the filing of the complaint.

10

The United States is correct that notice to the United States does not excuse lack of service. *Tuke v. United States*, 76 F.3d 155 (7th Cir. 1996). Nevertheless, dismissal is discretionary, and the court may grant additional time for service even without a showing of "good cause." *Blaney v. West*, 209 F.3d 1027, 1030 (7th Cir. 2000); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996). As an incarcerated person, Palay is dependent upon the U.S. Marshal to serve defendants. *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Palay, as an unrepresented layperson, was not informed that the United States is the proper defendant until the United States filed its notice of substitution, and he filed his motion within a reasonable time thereafter. The court grants Palay's motion, and directs the clerk to issue summons to the United States. The U.S. Marshal is directed to serve the United States, and the time permitted for service is extended to November 1, 2000.

Accordingly, the United States' motion to dismiss for lack of service is denied, the United States' motion to dismiss for lack of jurisdiction is granted as to claims relating to medical care, and the United States' motion to dismiss for failure to state a claim is held in abeyance. Palay is given thirty days from the date of this order to respond to the issues raised in this memorandum opinion, and the United States may file a reply within fifteen days thereafter. The court will rule by mail.

IT IS SO ORDERED.

James B. Moran, Judge
United States District Court

DATED: Sept 13, 2000

11