Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES B. MORAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 C 8169 | Date | Dec 21, 2000 |
| Case Title | SIMEON PALAY VS U.S.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐held ☐continued to ☐set for ☐re-set for _____ at _____
(6) ☐ Pretrial conf. ☐held ☐continued to ☐set for ☐re-set for _____ at _____
(7) ☐ Trial ☐Set for ☐re-set for _____ at _____
(8) ☐ ☐Bench Trial ☐Jury Trial ☐Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐without ☐with prejudice and without costs ☐by agreement ☐pursuant to
   ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry]

Enter Memorandum Opinion and Order. Palay's motion for reconsideration is denied.

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | DEC 27 2000 date docketed |
| Notified counsel by telephone. | |
| ✗ Docketing to mail notices. | docketing dpty. initials |
| Mail AO 450 form. | date mailed notice |
| Copy to judge/magistrate Judge. | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dpty. initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIMEON PALAY,                )
                             )
    Plaintiff,               )
                             )
    v.                       )   No. 99 C 8169
                             )
                             )   Judge Moran
UNITED STATES OF AMERICA,    )
                             )
    Defendant.               )

MEMORANDUM OPINION AND ORDER            DEC 2 7 2000

Plaintiff Simeon Palay sued the United States under the Federal Tort Claims Act (FTCA), alleging that negligence of employees of the federal Bureau of Prisons (BOP) caused him to be injured as a consequence of a gang altercation in the Metropolitan Correctional Center (MCC) in Chicago. In a memorandum opinion and order dated September 13, 2000 and entered September 15, 2000, this court considered defendant United States' motion to dismiss. The court rejected the grounds for dismissal asserted by defendants, but raised two others: the FTCA's discretionary function exemption, 28 U.S.C. § 2680(a), and lack of proximate cause. Because Palay had not had an opportunity to address these issues, he was given thirty days to respond.

After more than thirty days had passed without a response, the court dismissed the suit on October 27, 2000 and judgment was entered October 30, 2000. Although the court's clerk had received Palay's response on October 23, 2000, the court was unaware of it when the opinion was entered. On November 13, 2000, the court received Palay's motion for reconsideration.

Because it was filed on the tenth day from the entry of judgment (excluding Saturday and Sunday as required by Rule 6), Palay's motion for reconsideration is timely under Rule 59(e), Fed.R.Civ.P. Palay's response, however, was not timely. Palay interpreted the September 15, 2000 order as giving him thirty days from *receipt*, or from September 19, 2000. Palay's interpretation would be unworkable; the court has no way of knowing when a party has received

an order, and must measure time from the date of the order. Nevertheless, the court will consider the response as his substantive argument in support of his motion to reconsider.

Discretionary Function, 18 U.S.C. § 4042 and *Calderon*

In its earlier opinion, the court found Palay's claim was barred by the FTCA's "discretionary function exception" to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), exempting

> [a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

Although an older case in this circuit treated the exemption as an affirmative defense to be pleaded or waived by the defendant, *Stewart v. United States*, 199 F.2d 517 (7th Cir. 1952), the current view is that federal courts lack subject matter jurisdiction of claims falling within the exception. *Rothrock v. United States*, 62 F.3d 196, 198 (7th Cir. 1995).

In finding Palay's claim barred, this court followed *Calderon v. United States*, 123 F.3d 947 (7th Cir. 1997). According to *Calderon*, while federal law establishes a duty of care in 18 U.S.C. § 4042,[1] the protection of prisoners is a discretionary function based on considerations of public policy. Accordingly, the manner in which employees of the Bureau of Prisons (BOP) exercise that discretion will not subject the United States to liability.

The Seventh Circuit's opinion sweeps more broadly than the district court opinion it affirmed, *Calderon v. United States*, 923 F.Supp. 127 (N.D. Ill. 1996)(Castillo, J.). Calderon had alleged that he had been threatened by his cellmate and had informed BOP personnel of the threats. Nothing was done, and Calderon was assaulted. The district court considered BOP regulations governing the placement of an inmate in administrative segregation for his own protection, 28 C.F.R. §§ 541.22(a) and 541.23. The court found these regulations to be discretionary, not

---

[1] Plaintiff's reference to § 2042 appears to be an error.

2

mandatory, as they merely provided criteria for BOP officials to consider in determining whether to segregate an inmate. *Calderon*, 923 F.Supp. at 130.

Calderon had also pointed to a more specific regulation requiring prison staff to "take disciplinary action at such times and to the degree necessary to regulate an inmate's behavior within Bureau rules and institution guidelines and to promote a safe and orderly institution environment." 28 C.F.R. § 541.10(b)(2). But the district court pointed out two problems. First, Calderon would have a serious problem in showing causation, i.e., that disciplining his cellmate for his threats would have prevented the assault. Second, the regulation only commanded BOP officials to act when they had a "reasonable belief that a violation of Bureau regulations has been committed by an inmate." 28 C.F.R. § 541.14(a). Because prison staff had discretion to believe or disbelieve Calderon, their acts were not necessarily contrary to the regulation. *Calderon*, 923 F.Supp. at 130-31.

The district court in *Calderon* did not address the broad question of the interplay between the discretionary function exemption and 18 U.S.C. § 4042, but the Seventh Circuit did so. Contrary to Palay's contention that the court only addressed the BOP's disciplinary policy, Plf. Resp. at 15, the Seventh Circuit's opinion is quite broad:

> Calderon also asserts that 18 U.S.C. § 4042 establishes a non-discretionary duty of care that the BOP is required to undertake and thus, removes this case from the discretionary function exception. ....
> While it is true that this statute sets forth a mandatory duty of care, it does not, however, direct the manner by which the BOP must fulfill this duty. The statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates. For Calderon's argument to be effective, he must demonstrate that § 4042 sets forth nondiscretionary actions which the BOP personnel were required to undertake to protect Calderon. [citation] As it currently stands, Calderon's argument is, in reality, a negligence argument and thus, must fail because it does not address the prerequisite jurisdictional issues of the discretionary function exception.

*Calderon*, 123 F.3d at 950. Holding that "balancing the need to provide inmate security with the rights of the inmates to circulate and socialize within the prison involves considerations based upon public policy," *id.* at 951, *Calderon* effectively precludes claims of negligent protection except in

3

the rare case where a prison official violates a mandatory regulation and the violation proximately causes the plaintiff's injury.

Earlier cases referring to the BOP's duty of care cited by Palay either did not consider the discretionary function exception or predate the Supreme Court's interpretation of the exception in *United States v. Gaubert*, 499 U.S. 315 (1991). *United States v. Muniz*, 374 U.S. 150, 164-65 (1963), referred to the uniform, federal duty of care created by § 4042 but acknowledged that the scope and effect of the statutory exemptions contained in the FTCA were not before the Court. *Id.* at 163. (The issue in *Muniz*, as in *Winston v. United States*, 305 F.2d 253 (2d Cir. 1962), was whether the FTCA permitted federal prisoners to sue the United States at all.) *Cowart v. United States*, 617 F.2d 112 (5th Cir. 1980), noted that while *Muniz* had reserved the question of the discretionary function exception, "subsequent [lower-court] cases have established that the actions of prison officials are at the "operational level" and are thus actionable under the FTCA." *Id.* at 116 n.15. But the distinction between "operational level" and "policy level" decisions is no longer decisive after *Gaubert*, as the Eleventh Circuit pointed out in *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998), rejecting an argument based on *Cowart* that § 4042 establishes a non-discretionary duty of care. *Owens v. Haas*, 601 F.2d 1242 (2d Cir. 1979), was a suit against county correctional officers by a federal prisoner kept in a county jail. As it was not a suit against the United States, the discretionary function exemption was not involved. *Flechsig v. United States*, 786 F.Supp. 646 (E.D. Ky. 1991), did not discuss the discretionary function exemption; the complaint was dismissed because the correctional officer who assaulted the plaintiff had not been acting within the scope of his employment.

A case from this circuit and district, *Fleishour v. United States*, 244 F.Supp. 762 (N.D.Ill. 1965), *aff'd*, 365 F.2d 126 (7th Cir. 1966), *cert. denied*, 385 U.S. 987 (1966), does not survive *Calderon*'s interpretation of *Gaubert*. Palay's renewed argument concerning the duty of care imposed by § 4042 is therefore misplaced.

## BOP Regulations and Proximate Cause

The court previously addressed Palay's attempt to find a non-discretionary duty in the requirement of 18 U.S.C. § 3142(i)(2) and 28 C.F.R. §§ 551.100, 551.104 that pretrial inmates to be separated from convicted inmates "to the extent practicable." The court stands by its earlier conclusion that these words confer discretion.[2/] In his response, Palay refers to more specific duties set forth in BOP Program Statement 7331.03.[3/] Assuming that conduct contrary to the requirements of a BOP program statement would take Palay's claim out of the discretionary function exception, *see Cohen*, 151 F.3d at 1344-45, Palay has not pointed to a non-discretionary duty that was breached in putting him in the "holdover" unit. Palay notes certain procedures that are supposed to be followed in changing a prisoner's housing assignment. But Palay does not explain how following these procedures would have precluded, not merely militated against, the transfer.

Further, like the plaintiff in *Calderon*, even if Palay's placement in the "holdover" unit violated the BOP program statement, he would still be unable to show proximate causation, a necessary element of a negligence claim. As stated in the court's earlier opinion, proximate cause depends upon whether "the defendant's negligence [was] a material and substantial element in bringing about the injury, and, if so, was the injury of a type that a reasonable person would see as a likely result of his or her conduct?" *Springfield Bank & Trust v. Galman*, 188 Ill.2d 252, 258-59, 720 N.E.2d 1068, 1072 (1999).

---

[2/] To the citations given in the court's memorandum opinion may be added *Biodiversity Legal Foundation v. Babbitt*, 146 F.3d 1249, 1253 (10th Cir. 1998)(Endangered Species Act requirement that listing petitions be acted on within 90 days "to the maximum extent practicable" did not impose a mandatory, nondiscretionary duty on Fish and Wildlife Service), and *Rosebush v. United States*, 119 F.3d 438, 442 (6th Cir. 1997)(instruction in United States Forest Service Manual to eliminate safety hazards from recreation sites "to the extent practicable" created discretionary duty).

[3/] A "program statement" is not a published regulation, but an informal internal interpretation by the BOP of its governing regulations. *See Parsons v. Pitzer*, 149 F.3d 734, 738 (7th Cir. 1998).

5

Palay alleges that gang violence was common at the MCC and many prisoners in the "holdover unit" were known gang members. As the court pointed out in its original opinion, there is no reason to suppose that a pretrial unit is substantially less dangerous. The legal presumption of innocence is not a presumption of harmlessness, and virtually every convicted prisoner was once a pretrial detainee. There is no reason to suppose that a gang fight could not have broken out in the pretrial unit to which Palay should have been assigned.

Palay's claim would have more force if he had been attacked by an inmate who had been required by regulation to have been kept separate from Palay, but who had negligently been given access to him. But Palay was not attacked by gang members hostile to him, but was the unintended, accidental victim of a fight that broke out while he slept. Of course, Palay would have preferred to have been kept away from gang members generally, but that is not a realistic option in a correctional institution. A regulation requiring gang membership to be taken into account in housing assignments does not translate into a right of non-members to a gang-free environment.

The decision to place Palay with convicted prisoners was only one event in a chain that placed him in the wrong place at the wrong time and resulted in his receiving an injury that could not have been anticipated. It is analogous to a train conductor who negligently tells a passenger to get off at the wrong stop, where he is promptly struck by a car. Had not been told to get off there he would not have been injured, but he could just as well have been hit had he stepped out at the correct stop. If placing Palay in the "holdover" unit was negligent, and contrary to a mandatory duty prescribed by regulation, placing him there was not the proximate cause of his injury. Palay's motion for reconsideration is denied.

IT IS SO ORDERED.

James B. Moran, Judge
United States District Court

DATED: Dec. 21, 2000

6